*466 OPINION of the Court, by
Judge Boyle.
— The complainants in the court below, who are defendants in this court, filed their bill to be quieted in the enjoyment of the right to use, in common with the defendant in the court below, a spring, through which, they alleged, the dividing line of the land belonging to the parties run. After suggesting that the title of each party to their respective tracts were derived by donation from Samuel Lvon, father to Mrs. Ross and the defendant, and that the spring in question being the only water convenient for the use of both farms, it was an object with the donor to give to each party a moiety thereof, by running the dividing line through the middle of the spring, the complainants allege that the defendant has obstructed them in the use of their right by violence, threats, ¡kc. The defendant insists that the spring is situated wholly on his land, denies the right of the complainants to the use of it in common with him, and contends that he never obstructed the complainants in the use of the spring, which they have been permitted to enjoy*, not as a right, but as a matter of favor. The court below, on hearing of the cause upon bill, answer, exhibits and depositions, pronounced a decree for the *467 complainants ; to reverse which the defendant has prosecuted this writ of error.
The errors assigned will be noticed in the order in which they stand in the assignment. The first is, that “the inferior court erred in decreeing for the complainants upon the testimony of a single witness, opposed to the denial of the defendant’s answer, and to the deeds from Samuel Lyon to the parties ; which, taken in connection with the plat filed in the cause, clearly demonstrate that the intention expressed by said Samuel Lyon of dividing the spring between the parties, was either abandoned, or never carried into complete or legal effect.”
The first branch of this assignment is evidently founded in a mistake which has resulted from an inattention to the testimony in the cause. Eesides Samuel Lyon, who was the donor of both tracts of land, and the common parent of both parties, and therefore entitled to peculiar weight, two other witnesses, whose credit is not impeached, swear positively that they were present when the dividing line was run, and that it passed through the middle of the spring, for the purpose of affording to both farms the use of the water.
The remaining branch of this error presents a question of some importance. The partition line between the parties, in their deeds, calls to run from corner to corner, without mentioning any intervening object. The spring, as appears by the plat filed in the cause, is one pole distant from a rectilinear line, on the side next the defendant; and the question is, whether a mathematical line, the shortest distance between the corners, or the line as actually run, is to be deemed the boundary between their respective claims. In surveys where a line has not in fact been run, or, if run, no objects existed on the direction of the line to give it locality, or those that existed, being of a perishable nature, have become extinct, to ascertain the line in question, the course called for must, of necessity, be adopted as the only practicable mode : but when ascertained and marked by natural or artificial objects, it would seem most reasonable that it should remain to be considered as the proper boundary of the survey, notwithstanding it might afterwards be found to deviate some what from a rectilinear direction (a). To substitute the rectilinear Une instead of the line actually run and located by natu- *468 l*al of artificial objects, as the test of right between par-, ties, would be subjecting men to the inconvenience of being governed by a rule which was invisible and untangible, and capable of being known but by a few; instead of being governed by a rule which is an object of sense, and equally capable of being known to all. In the present case, as the proof is unquestionable that the line actually run passed through the middle of the spring, we cannot hesitate to say that the spring ought to be taken as the boundary between the parties, and that the complainants are entitled to a moiety thereof.
The second error assigned is, “ that the court erred in decreeing for the complainants, without compelling them to do equity, by giving to the defendant his compliment of 100 acres, and comprehending the whole of his apple orchard, a part o' which, by the deeds, as executed by dividing the spring equally, is given to the complainants.
How far the proof may be sufficient to substantiate the point, that the line actually run included within the defendant’s tract the whole of the apple orchard, it is not necessary now to determine : suffice it to say, that if it, did so include the orchard, his right to it will not be affected by the decree allowing the complainants a right to a moiety of the spring. His apprehension, of injustice on this account is therefore without foundation. The object of the complainants’ bill is not to obtain an alteration in the boundary : nor does the decree, as pronounced by the court below, effect any change in the line as actually run. If such had’ been the object ef the bill, and such the effect of the decree, it would have been proper to have guarded against producing a deficiency in the defendant’s quantity of land. In this suit, he can have no remedy for any deficit. He has not suggested in his answer that he had not his full quantity, nor has he prayed for a decree to make his compliment complete.
The third error, involving the same question as the first, need not be noticed.
The fourth error alleges “ that the obstruction in the enjoyment of the use of the spring is not sufficiently proven to warrant the decree.”
On this point the testimony is not perfectly satisfactory ; but taken in conjunction with the right, which the *469 defendant claims in his answer, of prohibiting ad libitum the use of the spring to the complainants, it seems to justify the interposition of a court of chancery.
The claim of the defendant to an exemption from costs, which he asserts in his fifth error assigned,.does not appear to be supported by any principle of equity. His denial of the complainants’ right, and his claim to exclude them from the enjoyment of the right to use the spring in common with himself, made it necessary for them to resort to a court of justice for the establishment of their right, and to he quieted in its enjoyment. He ought therefore to be charged with the .costs.
The sixth and last error assigned is too general to yective from the court an examination.
Decree affirmed.

 Accordi Vance vs. Marfball, 16th November, 1831.