Opinion of the Court by
Chief Justice Bibb.
The jury having rendered a verdict for Churchill and Wife, the lessors of the plaintiff in ejectment, by specified boundaries, the defendant, Thornberry, urged for causes of a new trial, that the jury had found against evidence, and that the court had misdirected the jury; which motion was overruled, and Thornberry has appealed.
The lessors of the plaintiff claims, by grant to them, bearing date in 1810, founded upon a survey of 254 acres, for Wm. Oldham, bearing date in October 1788—the abuttals of which are thus described:
Boundaries of plaintiff's grant.
Proofs of boundary,
Boundaries of Pope's survey called for in plaintiff’s grant.
Boundaries stated, showing the disputed ground.
“Adjoining a survey of William Flemming, of three thousand acres, beginning at a poplar and beech corner to Wm. Flemming and Henry Harrrison, and with Harrison’s line, N. 80 east, 80 poles, to a beech in Wm. Bryant's line, with the same S. 228 p. to a beech in Wm. Pope’s line, and with the same, west 297 poles, to a white oak and poplar in Flemming's line, and with the same, N. 45 E. 300 p. to the beginning.”
The beginning corner, common to Flemming, Harrison and Oldham’s, (now Churchill’s) surveys, is established; Harrison’s line, runs through Bryant’s survey; the line of Bryant is established; and the certificates of survey for Flemming, Bryant and Wm. Pope, for 900 acres, with lines to the cardinal points, were all read in evidence, bearing date long before the date of Oldham’s certificate of survey.
It is to be remarked, that Wm. Pope’s survey of 900 acres, conflicts with the military survey of Flemming; Pope’s beginning corner is established, which being within Flemming’s, the lines of Pope being described in the certificate of survey, as N. S. E. & W.—it will be seen that Pope’s northern boundary extended from his corner within Flemming, (whose line, called for by Oldham, is N. 45, E.) crosses this line of Flemming. This northern boundary of Wm. Pope (crossing Flemming’s eastern boundary,) is marked part of the way, but varies somewhat from due east and west; but this line is, so far as it is marked, established by a sufficient correspondence in the age of the line trees, with the date of the survey, by very near approach to the course called for, by reputation, and by the call for it as Wm. Pope’s, in Thornberry's own survey and grant, obtained upon a warrant from the land office of Kentucky.
Upon the face of Oldham’s survey and patent thereon to Churchill, there is no apparent ambiguity. It is to be boanded on the north by Harrison, on the cast by Bryant, on the south by Pope, and on the west by Flemming. But Harrison’s line strikes the *31 line of Bryant, about thirty poles from Bryant's corner, and Bryant's line, in all, being but 228 poles, the line of Oldham does not, and cannot run 228 poles with Bryant, but to give the patent distance, must extend beyond Bryant's corner. Moreover, Wm. Pope has no line which extends all the way from Flemming's line to Bryant's, as we are led to expect, from the survey of Oldham: the “Beech” corner for Oldham, described as being “in Pope's line,” cannot be established; and the corner trees, white oak and poplar, called for as on Flemming's line, although there, are marked only as line trees for Pope's survey, but not as corner trees for Oldham's survey. Hence, Thornberry endeavors to stop Oldham’s survey short of Pope's line on Flemming's, and shews a survey of Wm. Pope, of 629 acres, also bearing date before Oldham's survey, and shewing the corner thereof, and that this corner is also the corner of Bryant's survey. This would produce a vacancy between the southern boundary of Pope's 900 acres, within which space, he has caused his survey upon a Kentucky warrant, to be made and patented, as represented on the annexed diagram.* Part of this space, he attempts to hold as within his deed from Gatewood, who derives his title under Pope’s survey of 900 acres.
Decision of the jury as to Pope's boundary, approved.
If the survey of Wm. Pope, of 900 acres, does extend and cover the land, as claimed by defendant ThornDerry, by virtue of that deed, then it is true, there would be an interference between Pope’s survey and Thornberry's Kentucky warrant, and the jury will have found in favour of Churchill’s junior patent of 1810, a part of the land included in the elder grant to Pope, of 1788.
It is sufficient to say, that the jury very properly repelled the attempt to cover, by Pope's survey of 900 acres, any part of the land surveyed by virtue of Thornberry’s own warrant from the land office of Kentucky. The attempt contradicted the evidence, in the cause, as well that adduced by himself, as that introduced by plaintiff.
Where there is a marked line part of the distance, it shall be followed, and there being no marked corner to divert it, the same course shall be pursued.
Marked corner trees not being found, the intersection of the lines is the corner.
The order of the corners in the certificate of survey is of no impor tance a question of boundary.
So far as the jury gave position to Pope’s survey of 900 acres, there is no error in fact, nor in law. They established the beginning corner of Pope’s survey, the marked line from it eastward, as far as the proof of the marked boundary extended, and continued that course, there being no corner found to divert that boundary from the course, being more favourable to the defendant, Thornberry, and giving less land to Oldham's survey, than by taking to the true course of the patent, after the marked line ceased. This course was in conformity to the principles of Vance vs. Marshall, 3 Bibb 151-2, Cowan vs. Fantleroy and Wife, 2 Bibb, 261, and Preston’s heirs vs. Bowmar, 2 Bibb, 497.
The beginning corner common to Flemming, Harrison and Oldham, being extant and established, as also the line of Wm. Pope’s survey of 900 acres, intersecting Flemming’s line, the survey of Oldham, properly extended from that corner of Flemming and Harrison, along Flemming’s line to the intersection of the marked line of Pope’s 900 acres, no actual corner for Oldham intervening; and whether the white oak and poplar at that intersection, were marked as corner trees for Oldham’s survey, or only as line trees for Pope’s survey, is immaterial. No other corner being in the way, that intersection established, was Oldham’s corner. The order in which the surveyor gave the lines and corners in his certificate of survey, is of no importance; to find the position of the survey by reversing the courses, is as lawful and pursuasive, as by following the order in the certificate of survey. The cases adjudged upon that point, are conformable to reason and practical utility, in guarding against mistakes and destruction of corners by fraud, accident and the elements.
So far then, the western boundary of Oldham’s survey, and also the southern boundary, as far as it depends on Pope's 900 acres, is established, by establishing the corner of Flemming, the course of Flemming's, and the intersection of Pope’s marked line on Flemming’s line.
Questions on the instructions of the circuit court stated.
Examination of the evidence on which the parties contended for different corners.
But the instruction of the court is complained of, which refused to take the corner of Pope’s 629 acres, common also to Bryant, as one of Oldham’s corners, to stop the survey in that common corner, and extend a west line from thence, to intersect Flemming’s line; and in declaring that the reference in Oldham's survey was to Pope’s 900 acres, and not to his 629 acres. Two objections are started—the one, that the instruction was wrong in point of law, if the survey of 900 acres were conceded to be established; the other, that the court in so doing, assumed the powers of the jury and determined the fact.
It is true, that the small beech, marked W. O. four poles beyond the patent distance, in course of Bryant’s line, is not to be taken as the original corner for Oldham’s survey, because it is not marked as a corner, and the marks on it are of a younger date. Hence it is argued, that because that beech is not Oldham’s corner, nor in a line of Pope, that the patent distance should be shortened and stopt at the corner, common to Bryant and Pope’s 629 acres; that this survey of 629 acres, and this corner should be taken for Oldham’s survey, and a line extended west therefrom to Flemming’s survey, rejecting Oldham’s call for running with Pope’s line.
But it is worthy of remark, and remembrance, that Bryant’s corner here, and Pope's corner, in the certificates of survey, is not a beech tree, nor any tree, but both the surveys describe it as “in a pond”—it is a pond—the survey of Pope’s 629 acres describes this as "Wm. Bryant’s S. W. corner, in a pond and near the side.” From this corner, common to Bryant and Pope’s 629 acres, one line of Pope is south, forty-five degrees east, with Bryant’s line, running off from, and not towards Flemming, the other line of Pope, from this corner is south 25 west, diverging from, and not approximating to Flemming. In addition to these, it is worthy of note, that the expressions in Oldham’s certificate of survey, are “to a beech in Wm. Pope’s line, and with the same west to Flemming’s line.” The expression, “in Wm. *34 Pope’s line,” excludes the idea of its being his corner. “In a line,” and “the corner” or end of a line, mean different points in the language of surveyors. If the surveyor had intended this to be looked for as a corner common to Wm. Pope and Bryant, he would have called it the corner of the one or of the other; certainly he would not have called for it as “in Wm. Pope’s line.” This corner of the survey of Pope’s 629 acres, did not fit the expressions in Oldham’s certificate of survey; it was neither “in his line,” nor was there any line from it, punning towards Flemming. But the other survey of 900 acres, made for Pope, was adapted to the expressions of Oldham’s survey; it did intersect with Flemming, it was an east and west line, and by reversing the order of the courses named in the certificate of survey, it would be aiding to find the land described.
The proper construction of moniments of title, and the aptitude of documents and papers referred to, to satisfy such words of reference, are matters of law to be determined by the court.
As to the instructions.
The fitness of the one, and the unfitness of the other, was a matter of law to the court. The expressions and proper constructions of deeds, patents and written muniments of title, and the aptitude of documents and papers referred to, to satisfy such words of reference are matters in law.
Suppose a third survey of Wm. Pope had been offered, but bearing date after Oldham’s, surely the fitness of such third survey, to satisfy the reference in Oldham’s survey, would have been proper for the court.
But two surveys were offered to the court; if was the province of the court to decide, which of the two, best fitted the description in Oldham’s survey. Such fitness and unfitness has often been determined by the court, under descriptions in entries, and sometimes, also, in surveys and grants.
The instructions given previously, left the jury at large, to determine, the matters of fact. The judge had before instructed the jury, as to the legal consequence, in case they were not satisfied by the evidence, as to the position of Pope’s survey of 909 acres; and in the next preceding sentence, before that in relation to the two surveys of Pope, the court *35 had instructed the jury, if but one corner of Churchill’s grant was proved to them, that the survey was to be closed by the courses and distances expressed on the patent. The instructions therefore, as given, did not trammel the jury as to the facts, nor take from them, nor interfere with, their proper powers as to the finding of the facts.
The verdict and the principles of it approved.
Mayes, for appellant; Crittenden, for appellee.
The instructions as given in substance and effect, conformed to the principles of Beckley vs. Bryan, pr. Dec. 107. Bryan vs. Beckley, Litt. Sel. cas. 91. Lyon vs. Ross. & ux. 1 Bibb, 466. Vance vs. Marshall, 3 Bibb. 151-2. Cowan vs. Fantleroy, 2 Bibb, 261, and Preston's heirs vs. Bowmar, 2 Bibb, 493-497.
Upon fact and law, the verdict is right. The judge who tried the cause, instructed the jury that the marked boundaries, where ascertained, should govern, although variant from course or distance; where these failed, the patent courses, from ascertained corners, were to be followed; and the jury, from the ascertained corner of Flemming and Harrison, (2 A.) pursued the course of Flemming, to the marked line of Pope’s 900 acres, (at 1.) by reversing the order of the certificate of Oldham's survey; from the intersection of Pope’s 900 acres (at 1) with Flemming, they followed the marked line of Pope (to a,) and continuing the course of that marked line, ascertained the intersection with the course of Bryant’s marked line when extended, and found for the lessors of the plaintiff, the abuttals 1,2,3,4.* The judge very properly refused to disturb the verdict.
Judgment affirmed with costs.

 See the plate at the end of the volume.

See plat at the end of the volume.