## Hodge v. Napier.

(Decided January 30, 1912.)

### Appeal from Powell Circuit Court.

Timber—Action for Timber Cut—Deeds—Instructions.—In an action for the value of timber cut and removed from land, the evidence examined and held that the verdict is flagrantly against it. An instruction was confusing which quoted two or three calls of the deed and told the jury if they believed appellant cut and removed the timber from across any of these lines, they would find for the appellee. Upon another trial the court will ascertain from the testimony the line or lines over which appellee claims the timber was cut, and tell the jury that if they believe the line or lines are located as claimed by appellee and that the timber was cut over all, or either of them, they will find for appellee, but if located as claimed by appellant, and he did not cut any timber over any of them, they will find for him.

J. B. WHITE for appellant.

J. D. ATKINSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is an appeal from a judgment for $35 obtained by appellee as the value of timber cut and removed from his land. J. S. Wills once owned the lands of both appellant and appellee. He conveyed that part owned by appellant to his daughter, Bell Sanders, and conveyed that portion owned by appellee to a man by the name of Ewen, who conveyed it to appellee. These original deeds were not presented on the trial of the case. The deed from appellant's vendor calls for the lines of the surrounding land, appellee's line being one of them. The deed to appellee, Napier, describes what seems to be the line between his land and appellant as follows:

"Thence S. E. with the meanders of the ridge, passing the Box House Field to a stake; thence about N. E. crossing the road forks of Cane Creek at the lower end of Box House House Field and up the hill to the top of a high point."

Appellee testified with reference to the lines and corners claimed by him as follows:

"My line was surveyed by E. R. W. Cox, surveyor, and runs from a marked beech tree up the ridge to a high point including on my side all of the timber in dispute which is worth $100. This line runs through the lower end of the Box House Field about 40 or 50 yards from the fence at the creek and cuts off about an acre or more."

Neither Willis, who owned the land at one time, nor Cox, the surveyor, were introduced as witnesses nor any reason given for not introducing them. Other witnesses testified that the beech tree referred to by appellee was one standing by the roadside up from the corner of the field, and appeared to have been hacked thoughtlessly, and that there were no indications of its being a marked line or corner tree. According to the proof, this old field had been cleared twenty or twenty-five years and the fence was standing where it was erected at that time. Appellant and his witnesses show that a beech was standing marked fore and aft and that there were other trees along the line which passed the end of the box house field. There is no language in appellee's deed which authorized him to pass through this box house field which was cleared while Wills owned appellee's land and there is not an intimation in the testimony that the fence was erected over the true line. If the line claimed by appel-

lant is the correct one, he did not cut and remove the timber from the land of appellee. The testimony, as it appears in the bill of evidence filed in this court, shows clearly that the line claimed by appellant is the correct one. The evidence was not taken in shorthand, but was made out in long hand and consists of only the substance of the testimony of each witness, but, as presented, the verdict of the jury is flagrantly against the weight of the evidence.

The first instruction of the court was calculated to confuse the jury. It quoted two or three calls from the deed and told the jury that if they believed appellant cut and removed the timber from across any of these lines, then they would find for appellee. Upon another trial the court will ascertain from the testimony the line or lines over which appellee claims the timber was cut and tell the jury that if they believe the line or lines are located as claimed by appellee and that the timber was cut over all or either of them, they will find for appellee, but that if the lines are located as claimed by appellant and he did not cut any timber over any of them, they will find for him.

For these reasons, the judgment is reversed and case remanded for further proceedings consistent herewith.