## Johnson v. Thornsberry.

(Decided October 26, 1923.)

### Appeal from Knott Circuit Court.

1. Boundaries—Deed Referring to a Line Running to a Spur Construed as to Spur Intended.—In a boundary dispute arising out of the construction of a deed referring to a line running to a spur, there being two spurs, one known as "fork spur," held, that the first spur, in course of the line, which was other than the "fork spur," was intended, the words of the deed being "with the top of the ridge to a spur."

2. Boundaries—Rights Determined According to Location of Call in Prior Deed.—In a boundary dispute, the plaintiff's deed being the older, the rights of the parties must be determined according to a correct location of the ambiguous call in that deed.

J. M. BAKER and JOE HALL for appellant.

H. H. SMITH and SMITH & COMBS for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming on the original and cross appeals.

In 1901, W. D. Hall owned a large tract of land on Beaver creek in Knott county. In February of that year he conveyed to Joseph Hall a portion of the farm lying on Johnson's fork of the creek and extending up to Ellis lick. Later he divided the remainder of his farm among his other children, conveying a portion of it adjoining that part that he had conveyed to Joseph Hall to his daughter, Ellen Sloan. Caleb Johnson, the plaintiff in this proceeding, is the remote vendee of Joseph Hall, and Marshall Thornsberry, the defendant, is the vendee of Ellen Sloan. This controversy pertains to the location of the line between the two tracts referred to, or rather, the proper location of the line in the deed from W. D. Hall to Joseph Hall with reference to Ellis Lick.

The plaintiff claims that the line of the Joseph Hall tract runs along the ridge to a second spur thereon, thence to the forks of Ellis lick, whereas the defendant claims that the line runs to the first spur on the ridge, thence down the first spur, according to a line indicated on a map filed in the proof, to Ellis lick. The land in dispute consists of about ten acres. The trial court adjudged that the line ran along the ridge to the first spur thereon, and from that point in a straight line to the forks of Ellis

lick, which resulted in a division of the land between the litigants. From this judgment the plaintiff has appealed, and the defendant has filed a cross appeal.

The pertinent part of the description in the Joseph Hall deed reads: "Beginning at the splash dam and running up the left point to the top of the ridge, or James King's line; thence south with the top of the ridge to a spur to the forks of the Ellis lick." There is no question about the first call quoted. The controversy hinges about the second call, it being shown that there are two spurs on the ridge. Both parties seem to concede that the description is defective in that it does not interpolate the word "thence" after the words "a spur." The trial court was of the opinion that the words "a spur" in the description referred to the first spur, and, following Lyon v. Ross, etc., 1 Bibb 466, and similar authorities, adjudged that a straight line from that spur to the forks of Ellis lick was the boundary line.

The evidence relating to the intention of W. D. Hall in respect to the conveyance to Joseph Hall is of little assistance in correctly locating the disputed line. It appears, however, that the spur claimed by plaintiff is frequently referred to as the "fork spur," it being between the right and left forks of Ellis lick; and it is to be noted that the deed does not call for the fork spur but "with the top of the ridge to a spur." This language would ordinarily mean the first spur in the course of the line and not the second spur or some other spur further on. It would certainly be so construed in the absence of evidence showing that the second spur or "fork spur" was intended. The evidence for plaintiff in our opinion is not sufficient to show that it was intended by the grantor that the line should extend to the second spur.

Neither can we adopt the contention on the cross-appeal that the line should be made to conform with the line called for in Hall's deed to Ellen Sloan. To do so would not only require the insertion of the word "thence" in the description in plaintiff's deed after the words "a spur," but would also require the reading of another call into that deed, and there is no reason or basis for such an interpolation. Besides, if the call of the Ellen Sloan deed be accepted, then the disputed call must be wholly ignored, since the former line does not extent to the forks of Ellis lick. The plaintiff's deed is the older, and the rights of the parties must be determined according to

a correct location of the ambiguous call in that deed. In our opinion the trial court arrived at that location.

It follows that the judgment on both appeals must be affirmed, and it is so ordered.