### Bolton v. Sears et al.

### Same v. Garrison.
(Decided Jan. 18, 1935.)

V. P. SMITH and W. N. FLIPPIN for appellant.

W. B. MORROW and WESLEY & SON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Robert L. Bolton sued A. T. Sears, sheriff of Pulaski county, and the Farmers' National Bank of Somerset, Ky., for putting him out of a house he claimed to own, and sought to recover of them $500 for the damages he claims to have sustained by their act. While this suit was pending, Bradley Garrison, who claimed to own this house by virtue of a deed made him by the bank, sued Bolton in equity to quiet his title to the house. On motion of Bolton, the suit of Garrison against him was trasferred to common law, consolidated with Bolton's suit against Sears and the bank, and the trial of the two cases together was begun before a jury. At the conclusion of Bolton's evidence, the court directed the jury to find against him in both cases, it did so, and upon that verdict the court entered a rather elaborate judgment, and overruled Bolton's motion for a new trial, from which Bolton has appealed.

About forty years ago, J. B. Garrison bought of W. A. Nunnelly et al. a tract of land referred to in this record as the 248-acre tract. Garrison built a house on this 248 acres, put out a large orchard, dug a well, erected some other buildings, and lived there for about ten years.

About thirty years ago, J. B. Garrison bought of Sam Farmer, as agent of Fog Edwards, 100 acres

known in this record as the Timothy Ruark land, same having been patented to Ruark on July 19, 1826. Garrison built a house and made other improvements, as he testifies, on this Ruark land, removed to it, and lived there until October, 1930.

In January, 1909, J. B. Garrison bought of W. A. Nunnelly et al. a tract of land adjoining these other two and referred to in this record as the 272-acre tract.

In June, 1930, J. B. Garrison was indebted to the Farmers' National Bank of Somerset, Ky., in the sum of $1,284, due in ninety days, and, to secure its payment, he mortgaged to the bank the 272-acre tract and the 248-acre tract, both of which are described by metes and bounds, the description of the 248-acre tract concluding with the words, "And being the home place of J. B. Garrison."

In October, 1930, J. B. Garrison, having sold to R. L. Bolton a portion of this Ruark land containing, as Bolton alleges, the houses, Garrison gave Bolton a bond for a deed and he moved out and Bolton moved in on the same day.

The bank sued J. B. Garrison on its mortgage debt, the 272-acre tract and the 248-acre tract were sold and the bank became the purchaser.

The bank thought the expression "and being the home place of J. B. Garrison" was sufficient to include in its mortgage and purchase the improvements, alleged by Bolton to be on the Ruark land, and, after its purchase was confirmed, it procured a writ of possession for the 248-acre tract which was therein described by metes and bounds, the description concluding, "Same being the former home place and dwelling house of J. B. Garrison, now occupied by tenants." The bank placed this writ in the hands of A. T. Sears, sheriff of Pulaski county, and caused him on February 27, 1931, to forcibly evict R. L. Bolton from the house, which Bolton claims is on this Ruark land, and to set Bolton's household goods out in the public road.

### The Suits Before Us.

Suits now followed with results as stated in the outset of this opinion.

Since the judgment before us is rested upon a di-

rected verdict, it cannot be sustained if Bolton had introduced any competent, relevant, and material evidence to sustain his contention. The only protection there is for the sheriff, and the bank, as against Bolton, must be found within this writ of possession and the mortgage given by J. B. Garrison to the bank and its purchase at the sale had thereunder.

### The Two Descriptions.

This 248 acres is described in two ways, first by a particular description of it by metes and bounds, and following that is the general description, "And being the home place of J. B. Garrison." As a general rule, a particular description controls a general description. See Pendergrass v. Butcher, 158 Ky. 321, 164 S. W. 949; Hatcher v. Virginia Mining Co. et al., 214 Ky. 193, 282 S. W. 1102; McElroy v. Wolf et al., 229 Ky. 134, 16 S. W. (2d) 776; 9 C. J., p. 209, sec. 115; 18 C. J., p. 284, sec. 254. Thus the nine words added to the description of the 248 acres are not determinative, and the metes and bounds of the 248 acres control.

We need not give any further description of this 248-acre tract other than to say that the second call terminates at a hickory, white oak, and black oak in the Timothy Ruark line, thence it runs with Ruark's line N. 12½ W. 20 poles to (sic) small hickories Ruark corner, thence with Ruark line N. 88 W. 154 poles to a stone in Seminary line. From this it will be seen that the calls of this 248 acres from the time they touch until they leave the Ruark land are calling for the Ruark land and the Ruark line as a monument, hence it follows the lines of the Ruark patent control and fix the boundary of the 248 acres, and the calls and distances of the 248 acres must yield to those of the Ruark land. See Gilbert v. Tribble, 205 Ky. 223, 265 S. W. 621; Fidelity Realty Co. v. Flahaven Land Co., 193 Ky. 335, 236 S. W. 260; Ewell v. Hauser, 140 Ky. 459, 131 S. W. 186, and other cases cited in those opinions. Bolton introduced evidence that showed not only his eviction and the circumstances thereof, but also the boundary of this Ruark land and that the house from which he was evicted was located on this Ruark land. With this evidence in the record, the court should not have directed a verdict against Bolton.

### Champerty.

The court filed no written opinion and we are not

advised why the court directed a verdict against Bolton, and, in looking about for something to justify it, we have suspected that because the deed to Bolton was made after he had been evicted and the bank was in possession, that the court may have concluded the deed to Bolton was champertous, and if it was this upon which the jury was directed to find against Bolton, that was erroneous, for while it is true J. B. Garrison made his deed to Bolton on March 20, 1931, and the bank was then in possession, yet this deed was made pursuant to a valid contract to convey made in the previous October when there was no possession adverse to either Garrison or Bolton. A deed given under such circumstances is not champertous. See Thacker v. Belcher, 11 S. W. 3, 10 Ky. Law Rep. 853; Simon v. Gouge, 12 B. Mon. (51 Ky.) 156; Norton et al. v. Doe ex dem. Sanders et al.. 1 Dana (31 Ky.) 14; 11 C. J., p. 265, sec. 83.

The court undertook in its judgment to fix the length of a certain line in the Ruark survey, evidently overlooking the opinion in Wallace v. Maxwell, 1 J. J. Marsh. (24 Ky.) 447, where it is held that when object called for as a corner has been lost or destroyed by time, the corner may be established by parol evidence of where it stood. To same effect see Taylor & Crate et al. v. Forester et al., 148 Ky. 201, 146 S. W. 428; Cooper v. Henderson County, 90 S. W. 576, 28 Ky. Law Rep. 808; and 9 C. J., p. 279, sec. 326. J. B. Garrison had testified to the location of the corner tree marked as the terminus of this line in a way that appears quite convincing, and the court could not, in the absence of evidence to the contrary, fix this corner elsewhere.

Bolton should have had more carefully made surveys of his part of the Ruark land than he had, he should have shown more definitely and exactly the location of the house from which he was evicted, still he had some evidence of those things that if believed by the jury would have sustained a verdict in his favor, and with such evidece before the court, the direction of a verdict against Bolton was erroneous.

Judgment reversed in both cases.