## Farmers Nat. Bank of Somerset et al. v. Bolton.

(Decided October 13, 1936.)

W. O. HAY and R. C. TARTAR for appellants.

VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

This is the second appeal in this case. The issues and the facts supporting them are stated in our former opinion. See Bolton v. Sears, 257 Ky. 676, 78 S. W. (2d) 914, 916. It is unnecessary to repeat them.

In our former opinion we stated:

"Bolton should have had more carefully made surveys of his part of the Ruark land than he had, he should have shown more definitely and exactly the location of the house from which he was evicted, still he had some evidence of those things that if believed by the jury would have sustained a verdict in his favor, and with such evidence before the court, the direction of a verdict against Bolton was erroneous."

On the second trial he endeavored to meet this requirement and did so sufficiently to entitle him to have the case submitted to the jury, which was done. It returned a verdict in favor of Bolton for $250. The court entered a personal judgment therefor in his favor against A. T. Sears and the Farmers National Bank and further decreed that Bradley Garrison was not the owner of the dwelling house from which Bolton was evicted under a writ of possessions heretofore issued on a judgment of the court; Garrison was ordered to remove therefrom and surrender possessions thereof to Bolton. Garrison and the bank on this appeal insist that the jury's verdict is palpably against the weight of the evidence. Also that the court erred in its instructions to the jury. We disagree with the first insistence, but concur in the last, that the instructions to the jury are erroneous.

The results of this case depend on the true location of the line between the lands respectively claimed by the parties, each contending that the true line is in a different place from that claimed as its location by the other. If the true line runs where Bolton claims it does, then trespass was committed on his land. On the other hand, if it is located where Garrison and the bank claim it is, then no trespass was commited on Bolton's land.

Instruction No. 1 given by the court is substantially correct, but it might be more or less confusing to the jury. Upon another trial of the case, the court will ascertain from the testimony the line or lines claimed by the respective parties, and instruct the jury in substance that if they believe from the evidence that the line claimed by the plaintiff (here describe it) is the proper line between the 248-acre tract of land described in the pleadings and the 100-acre survey known as the Ruark patent, they will find for the plaintiff; but if they believe from the evidence that the line claimed by the

defendants (here describe it) is the proper line of the Ruark patent, they will find for the defendants. The court will also instruct the jury that courses and distances must yield to natural objects proven and established by the evidence, and where courses and distances are not in harmony, courses must yield to distances. Hodge v. Napier, 146 Ky. 479, 142 S. W. 1037; Louisville Cooperage Co. v. Collins, 228 Ky. 266, 14 S. W. (2d) 1090; Lindsay v. Latham, 107 S. W. 267, 32 Ky. Law Rep. 867.

Number 2 instruction given by the court was erroneous in that it gave no guide by which the jury would determine the amount of damages it should assess by its verdict. Under that instruction, the jury was at liberty to award damages in any sum not exceeding the amount sued for. We have often condemned the form of that instruction for reasons indicated. See Kentucky Utilities Co. v. Hurst, 207 Ky. 448, 269 S. W. 525; Chesapeake & O. R. R. Co. v. Johnson, 228 Ky. 296, 14 S. W. (2d) 1059; Fenton Dry Cleaning Co. v. Hamilton, 226 Ky. 580, 11 S. W. (2d) 409.

Upon another trial in the place of instruction No. 2 given, the court will instruct the jury in substance that if they find for Bolton it should fix his damages at any sum in its discretion that it may believe from the evidence is a reasonably fair value of the use of the dwelling by Bolton from the time he was deprived thereof by being removed therefrom by the sheriff in the performance of his duties when executing the process of the court, not exceeding, however, the sum of $500, the amount sued for.

Another instruction should be given concerning the signing of the verdict if the entire twelve fail to agree.

For the errors in the instructions, the judgment is reversed for proceedings consistent herewith.