## Bolton v. Farmers Nat. Bank of Somerset et al.

Dec. 6, 1938.

VIRGIL P. SMITH for appellant.

W. B. MORROW for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Opinions on two former appeals of this case will be found in Bolton v. Garrison, 257 Ky. 676, 78 S. W. (2d) 914, and Farmers Nat. Bank of Somerset v. Bolton, 265 Ky. 586, 97 S. W. (2d) 406. Practically all of the facts necessary to an understanding of the issues and matters involved are contained in those opinions and reference to them saves reiteration. On the third trial A. T. Sears, the sheriff, went out by way of directed verdict and judgment pursuant thereto, but the cause having been submitted to the jury as to the other defendants, a verdict was returned in their favor and from a judgment conforming thereto R. L. Bolton is prosecuting this appeal as against the Farmers National Bank and Bradley Garrison only.

As will be seen from the opinion on the second appeal the rights between the parties depended upon the location of the line between the 248 acre tract formerly owned by J. B. Garrison and the Ruark patent which he also formerly owned. As will be noted in the former opinions Bradley Garrison is the owner of the 248 acre tract which was sold to satisfy the Farmers National Bank indebtedness against J. B. Garrison and he and the bank claim that the house from which appellant was evicted under writ of possession in the foreclosure proceedings is upon the 248 acres and not included within the boundary of the Ruark patent. Appellant purchased 30 acres of land from J. B. Garrison which he claims lies within the boundary of the Ruark patent and that the house from which he was evicted is upon this 30 acre tract. The description and boundary of the land in the patent reads:

"Beginning at a spruce pine standing a few poles below Jones cabin below the spring (A) and running thence due E. 112 poles to a red oak (B); thence N 10 E 24 poles to a hickory (C) thence N. 10 W 60 poles to a red oak and 2 hickories (D) thence N. 83 W. 68 poles W 68 poles, to a black oak (E); thence due W 177 poles to a stake (F); thence 553½ E 168 poles to the beginning."

The parties agree as to the location of the beginning corner of the patent survey but it is the contention of appellant that the third call N. 10 W. 60 poles should be extended about 16 poles to reach the true corner and that when thus extended and the other lines run according to the patent the boundary will include the house and all of the tract claimed by appellant. On the other hand it is the contention of appellees and in fact admitted by appellant that if this line is not extended the boundary will only include 18 acres of the land claimed by appellant and will exclude 12 acres claimed by him and upon which the dwelling is located.

The only ground argued for reversal is in substance that the verdict and judgment is not sufficiently supported by the evidence. J. B. Garrison, father of appellee Bradley Garrison and father-in-law of appellant, testified that he built the house in controversy and that it was within the boundary of the Ruark patent but that the third line in that patent would have to be extended as above indicated to reach the true corner where the

trees referred to in the description formerly stood as evidenced by holes in the ground. A surveyor introduced by appellant testified that he made a survey of the Ruark patent but that he extended the line in question about 16 poles to reach the point where J. B. Garrison said the corner was located and further stated that it was necessary to do this in order to close the survey but on cross-examination admitted that he also extended the line on the opposite end of the survey several poles to reach designated corners and to make the survey close. He further stated that the survey as made by him included the house from which appellant was evicted. Another surveyor introduced by appellant testified that he also made a survey of the patent and that he extended the third call to reach the holes in the ground pointed out by J. B. Garrison as the true corners. A surveyor introduced by appellees testified that he platted the boundary as described in the Ruark patent and found that it closed perfectly without extending any of the lines. Other surveyors introduced by appellees who had surveyed the land testified that the survey would close without extending any of the lines and that the boundary given in the patent did not include the house in controversy. Two or three witnesses who had lived in the community for years and prior to the time J. B. Garrison built the house testified that he built the house on the 248 acre tract prior to the time he purchased the Ruark patent. Another party who had bought portions of the 248 acre tract or of the 272 acre tract owned by J. B. Garrison testified that the land purchased ran up to the line as now located and claimed by appellees and that J. B. Garrison told him that the line was between the patent and his other land. While as will be seen there is a sharp conflict in evidence it is our conclusion from all the proven facts and circumstances that the great and preponderating weight of evidence conduces to sustain the contention of appellees and the issues having been submitted to a jury under instructions which the opinion on the second appeal said should be given and which were in fact submitted by appellant, the verdict should not be disturbed.

Judgment affirmed.