## Waddle et ux. v. Williams et al.

April 23, 1943.

B. J. Bethurum for appellants.
Kennedy & Kennedy for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In this suit in ejectment by M. F. Waddle and wife against Ed Williams et al., involving title to a lane or strip of land about 15 feet wide and 105 poles long, a judgment for the plaintiffs was reversed in Williams v. Waddle, 285 Ky. 416, 148 S. W. (2d) 298. As stated in the opinion, the question is whether the boundary line between the parties, when properly located, is the eastern or western side of the lane. The pleadings were not changed but the proof on the second trial was more fully developed. The judgment was for the defendants, and the plaintiffs appeal.

The common source of title is William Waddle, whose lands were partitioned by commissioners in a report filed in the County Court and duly recorded as of August 4, 1865. The southwestern line of the "Dower Tract, No. 8," now owned by the defendants, began at a "rock and dogwood" and ran "north 32½ east 105 poles to a rock, small hickory and black oak bush marked." The northeastern line of "Tract No. 10," now owned by the plaintiffs, ran with the "widow's dower line" with the same call reversed. It appears that no commissioner's deeds were executed, but as the several heirs sold their respective parcels all joined in the deeds. The deeds in the two chains of title here involved are not complete; at least they are confusing. It appears that Tract No. 10 was conveyed first in 1885, and Tract No. 8 in 1890. The defendants, through mesne conveyances, acquired title not only to Tract No. 8, but also to the large body of No. 10, cornering with the Dower Tract at the south end of the lane. But a relatively narrow strip of Tract No. 10, extending northeastwardly to the road and bordering the Dower Tract by the line involved, was acquired through mesne conveyances by the plaintiffs. The stronger and much more persuasive evidence is that the proper location of the line gives the lane to the defendants, as the jury found. A recitation of the evidence would serve no useful purpose.

The appellants contend they were entitled to a directed verdict upon two or three grounds. One is that they have the senior title to the land because theirs began in 1885, while the defendants began in 1890. Passing the question whether or not the titles did not start at the same time in 1865, we do no think that the law

contended for is applicable. This is not a case of over-lapping or conflicting title, or even conflicting boundaries. It involves only the proper location of a common boundary line, described in exactly the same way in both chains of title.

The other ground is essentially one of estoppel, based upon two claimed concessions by the defendants' predecessors in title. A brother of the plaintiff Waddle testified that 35 or 40 years ago there was some dispute between the owners of the respective properties over the boundary line and that the defendants' predecessor, Colyer, had agreed that the line was where the plaintiffs now contend it is. Appellants submit that as there was no contradiction of this testimony, the court should have adjudged as a matter of law that the agreement is binding upon the defendants. There is no categorical denial of this conversation. Perhaps it was because the other party was dead. The testimony of the brother, in addition to being of a low quality, is vague, indefinite and unpersuasive. But even so, the evidence is quite overwhelming that until seven or eight years ago there was never any dispute about this lane and that there was never at any time an acquiescence by the defendants or their predecessors. On the contrary, the proof tends to show a recognition by all parties that the other fence was on the true line. The issue of an agreed line was submitted to the jury by an instruction offered by the plaintiffs. That was as much as they were entitled to as was held on the first appeal, the plaintiffs having on this trial supplied the deficiency in the evidence pointed out in the opinion.

The other claimed concession is rested wholly upon the testimony of the plaintiffs' daughter-in-law that years ago, when the defendants' father, Humphrey Williams, owned their land, she had dug up an old tree stump and had planted some iris or flags in the hole and that Williams had scolded her for having destroyed the corner marker and had then placed a stone at the point. The line contended for by the plaintiffs ends at this flower bed. There is no categorical denial of this conversation, perhaps for the same reason; but there is abundant evidence that neither the defendants or their father ever acquiesced in this flower bed as the end of the line and that it is not in fact at the corner.

The appellants argue that at least the court erred in refusing their offered instruction based upon seniority of their title, and also in sustaining an objection to their attorney's argument to the jury as to that claim. For the reason already stated, this was irrelevant, and the ruling of the court was proper.

Nor did the court err in refusing an instruction based upon the testimony that the defendants' father had stated the flower bed was at the beginning point of the disputed line. That was but one item of evidence tending to support the plaintiffs' cause and to have given the instruction would have offended the rule that particular evidence should not be singled out or given undue prominence. Stanley on Instructions to Juries, Sec. 28.

The first instruction is as follows:

"The jury is instructed that the title papers of the plaintiffs Waddles' tract of land calls running with the defendants Williams' tract of land, and is controlled by the true location of the Williams tract.

"You are further instructed that the true line between the lands of the plaintiffs, Waddles, and the defendants, Williams, is the line called for in the boundary of what is known as the 'Dower Tract,' which was No. 8 in the division of the lands of William Waddle, Dec'd., beginning at a rock and dogwood and running N 32½ E 105 poles to a rock, small hickory and black oak bush; and if the jury believe from the evidence that this line of the Humphrey Williams tract, known as the 'Dower Tract,' is correctly located at the place claimed by the plaintiffs, Waddles, then you should find for the plaintiffs, Waddles, and award to them the lane or strip of land in controversy; but unless you should so believe your finding should be for the defendants and you should award to them the lane or strip of land in controversy."

It is difficult to follow appellants' argument that the instruction is erroneous because it is said to violate the rule against giving undue prominence of certain facts and also the rule against submitting abstract instructions, based upon no evidence and without giving the jury a definite or concrete criterion of measurement. The decision on this instruction could well be placed upon

the law of the case rule for the instruction conforms to that given on the first trial corrected to meet the criticism made by this court. But aside from that, and giving recognition of the criticism now made by the appellants, we think it is correct. It is argued that the instruction is erroneous because it predicates the verdict for the plaintiffs upon finding that the true location of the defendants', Williams', line or that called for in the boundary of the Dower Tract, rather than providing that the jury should be controlled by the location of plaintiffs' line according to their chain of title because they had the land by virtue of a senior title. This is not one of those cases where there are ambiguous or irreconcilable descriptions of a common boundary so as to bring it within the rule which requires that the description of a senior conveyance shall control, as in Johnson v. Thornsberry, 200 Ky. 665, 255 S. W. 284. The appellants concede that the dividing line is the same. While in the old partition of 1865 and in some of the deeds anterior to plaintiffs the line is specified as the same call, course and distance in reverse, S. 32½ W. 105 poles, the plaintiffs' deed contains only a general description (covering different tracts as a unit) and the particular boundary is described as "thence running a southwesterly course with the line of Humphrey Williams, formerly the dower line of Mrs. Waddle, Senior, deceased, to a stake, said Waddle's corner." We think it was proper to describe the line in the instruction by the particular and definite course, which is referred to and adopted in plaintiffs' deed and upon which their description depends. Ross v. Richardson, 173 Ky. 255, 190 S. W. 1087; Bolton v. Sears, 257 Ky. 676, 78 S. W. (2d) 914. To have undertaken a different identification would have been confusing.

There is no merit in appellants' argument that it was prejudicial error to instruct the jury that although they might find the line to be located where the plaintiffs contended it was, yet they could find that the defendants had acquired an easement as a road by adverse possession. The pleadings and evidence authorized the instruction; but in any event it was favorable to the plaintiffs as it permitted the jury to find that the defendants had a lesser right than the entire title. The verdict was not based upon that instruction and it could not have been affected by it.

Wherefore the judgment is affirmed.