JOHN S. GETCHELL and another vs. SAMUEL H. WHITTEMORE.

Washington. Opinion June 28, 1881.

*Deed. Mistake. Description. Exceptions.*

A deed described the premises by metes and bounds, and excepted therefrom a lot previously conveyed to the grantee by *Roswell* Hitchcock. The records disclosed that this lot was conveyed to the grantee by *Urban L.* Hitchcock, and not by *Roswell*. *Held*, that this mistake in the name does not vitiate the exception when by the aid of the records referred to, there is enough of the description which is true to make certain the lot intended by the exception.

Where a deed describes the land as the premises conveyed to the grantor by another deed, to which reference is made for a particular description, it will not give the grantee title to a lot which was excepted from the deed to which reference was made, although the title to the excepted lot was in the grantor of the last deed at the time of executing the same.

ON REPORT.

Writ of entry, wherein the plaintiff demands a certain lot of land in East Machias, embracing what is marked on the plan as the Getchell lot, and the S. H. Whittemore homestead.

Plea, *nul disseizen*, and brief statement.

The plaintiffs' title was by a mortgage from the defendant to them, September 11, 1875, which contained the following description : "A certain lot or parcel of land with the buildings thereon, situated in East Machias, and being the same premises which were conveyed to me by Urban L. Hitchcock and his wife, Mary G. Hitchcock, by deed dated July 16, 1855, recorded in Washington county records, book 84, page 332, to which deed or the record thereof, reference may be had for a more particular description of the premises hereby intended to be conveyed."

The deed from Urban L. Hitchcock to the defendant, described all the lots shown by the plan, "reserving therefrom so much of the above described premises as was sold to John Pierson, Charles McGuire, John B. Blackburn, and said Samuel H. Whittemore by Roswell Hitchcock, to whose several deeds reference is made for particulars."

Diagram showing the lots of land referred to in the opinion and report.

Other material facts appear in the opinion.

*J. A. Milliken* and *Charles Sargent*, for the plaintiffs.

*A. McNichol*, for the defendant.

DANFORTH, J. This is a real action involving the title to a portion only of the land described in the writ. That portion is the lot marked upon the accompanying plan, "S. H. Whittemore homestead." The remainder of the land described, it is conceded, belongs to the plaintiffs. The defendant is in possession, and defends as to the lot in dispute on the ground of a prior mortgage to other parties, and an entire want of title in the plaintiffs. Whether this mortgage is prior to any title in the plaintiffs, is not material in this case, as the defendant shows no claim under it, unless possibly the right of redemption, and that would not avail him, if the plaintiffs' deed covers it. So that the only question presented is, whether the plaintiffs have shown a better title to this lot in question, than the possession of the defendant.

To sustain their title, the plaintiffs put in evidence a mortgage deed from the defendant to themselves, duly executed and delivered with a notice of foreclosure. The answer to this is, that it does not cover the lot in dispute, and this is the only question at issue.

The description in the deed gives no metes or bounds, but so far as is material to this case describes the premises, as "being the same . . which were conveyed to me by Urban L. Hitchcock and his wife, Mary G. Hitchcock, by deed dated July 16, 1855, . . to which deed . . . . reference may be had for a more particular description of the premises hereby intended to be conveyed." Upon reference to this latter deed, we find a description which includes the lot in question with other land, but also a reservation, having the force of an exception, of four different lots previously sold to different persons by "Roswell Hitchcock." Three of these lots are not material now, as neither of them are included in the writ in this case. The other alleged to have been sold to this defendant is material, for that is the one if any were so sold, which is now in question. The case not only fails to show any conveyance from Roswell Hitchcock to this defendant, but shows affirmatively that none such ever was made, and for that reason it is claimed that the reservation, so far as it relates to this lot, can have no effect, but leaves it a part of the conveyance in the deed.

But the case further shows that the lot had been previously conveyed, and to S. H. Whittemore, as stated, though the conveyance seems to have been made by Urban L. Hitchcock, and not by Roswell.

Now is this difference in the name of the grantor sufficient to vitiate the description of the lot to be excepted? We think not. It is a familiar principle in the construction of deeds that however false the description may be in its particulars, if there is sufficient of the true remaining, to ascertain fairly what was intended to be conveyed, the false shall be rejected and the true retained. In this case, if the name of the grantor had been omitted, enough would have remained to show the lot intended to be excepted. It would then have plainly appeared that it was the lot formerly sold to Whittemore, and that this very lot was the only one included in the description, which had been so sold. Nor is it probable that the grantees could be led astray by such a mistake. They must have understood that some lot was intended to be excepted from the grant, and the records to which they must go in any event to ascertain what they were getting, would show them with entire certainty the false and the true in the description. It could hardly be possible that they would take a deed with such an exception, without the proper inquiry, and such inquiry made at legitimate sources alone, would lead to certainty. Thus by the deed, aided by the records alone, it is easy to ascertain what was intended to be excepted. The deed itself shows the exception; its extent, even if the mistake had not been made, could be ascertained only from the records, and from them the extent of it is shown without danger of error, even with the wrong name.

Another view of this renders the mistake immaterial, even if otherwise important. The description in the deed to the plaintiff does not refer to the reservation. It conveys the same premises which were conveyed to Whittemore by the deed of Hitchcock and wife, dated "July 16, 1855." On reference to that deed and the records, it is found that at that date, U. L. Hitchcock had no title to the lot in question. He had previously sold it to the same grantee to be sure, but nevertheless so conveyed that his

deed of July 16, 1855, could not convey it, unless a grantor can convey that to which he has no title. It is true the defendant owned that lot at the time he gave his deed to the plaintiffs, but he had acquired the title to it, not by the deed of July 16, 1855, but by one of an earlier date. His deed to the plaintiffs therefore does not cover the lot in question, nor by any construction which can be given to its terms does it purport to do so.

As the title of the plaintiffs to the remainder of the lot described in their writ is conceded, the entry must be,

> *Judgment for the plaintiffs for the land claimed, except the lot marked on the plan "S. H. Whittemore homestead."*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.