*John P. Norvell, Chas. Lytle, for appellant.*

---

JOHN R. HENDRICK ET AL. *v.* JOHN HALY ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—356.]

**Party-Wall.**

Where a wall holds up and supports a dwelling sold it will be presumed that it was intended to be conveyed as a part of the house and such a wall is a party-wall intended to support the buildings on either side of it.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 31, 1882.

OPINION BY JUDGE PRYOR:

If the diagram contained in the brief of counsel is correct there might be some reason for reversing the judgment, but a careful examination of the record will show that this is a mistake and, in fact, caused the granting of the rehearing by the court. If the line dividing the property is run by the calls of the deed and no regard paid to the condition and appearance of the property at the time of the sale, the appellant would be deprived of the use of the wall as it stood at the purchase for the support of his building. This, however, would be a technical as well as an unreasonable construction, for if the wall held up and supported the dwelling sold it must be presumed that it was intended to be conveyed as a part of the house; in other words, the wall as it stood was a party-wall and intended to support the buildings on either side of it, and on that part of the wall where there was no building on the east, or Haly side of the lot, it being a continuance of the wall supporting the buildings owned by the appellant and appellee, must also be held to be a party-wall and the line so run as to strike the center of the wall in controversy. This we understand to have been the judgment below. Haly in building can not so use this wall as to affect injuriously the building of appellant, but as the court finds there is no proof that this has been done the petition was properly

dismissed. The line should be a straight line beginning at the corner on Montgomery or Main street, and running so as to give the parties the use of both walls and so on to the beginning. This establishes the line as was done by the court below and the judgment is, therefore, *affirmed* on the original and cross appeal.

*D. W. Lindsay, for appellants.*

*J. & J. W. Rodman, Wm. Lindsay, for appellees.*