## Ringgold Lodge v. De Kalb Lodge.

(Decided January 30, 1914.)

### Appeal from Mason Circuit Court.

1. Party Walls.—A wall may be a party wall as to a portion of its height, and cease to be a party for the rest of its height.

2. Easements—Implied Grant of.—Where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part.

3. Easements—Merger of Separate Properties—May End Easement. —Where two persons jointly owned two adjoining lots, and the building upon one lot, and subsequently bought the building upon the adjoining lot, there was no such merger of two separately owned properties into a single ownership that would put an end to an easement attached to the last named building, by which it had the right to use the wall of the first named building.

4. Easements.—Easement by Implication—Use of Limited to Original Use.—Where the right of the owner of a building to use the wall of an adjoining building arises by implication only, the owner of the easement has no right to use the wall of the other building in a new or different manner from the old use; the grant by implication is to be limited substantially to the existing use.

R. H. WINN and THOMAS D. SLATTERY for appellant.

WORTHINGTON, COCHRAN & BROWNING and ALLEN D. COLE, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1868 the appellant and the appellee, two lodges of the Independent Order of Odd Fellows, jointly bought a lot fronting 86 feet and 6 inches on the south side of Second street, in Maysville, and having a depth of 165 feet.

In 1877 the lodges jointly built a large three-story brick building on the west side of the lot and fronting 47 feet on Second street, and extending back nearly the full depth of the lot. The two lower stories of the building were intended as store rooms, to be rented out, and the third story was a lodge room for the joint use of the two lodges. The eastern part of the lot having a frontage of 39 feet and 6 inches on Second street, was thus left vacant. The two lower floors of the lodge building had no windows opening on this vacant lot, but the third story, or lodge room, had several windows fronting eastwardly and along its whole length.

In 1878, the Lodges leased the vacant lot of 39 feet and 6 inches to John Heiser for a period of ten years, under an agreement by which Heiser built a three story building thereon. The contract of lease as amended, contained this clause:

"The third story to be 12 feet off from the windows of the lodge room except the front, as far back as the second side window, allowing the first window to be closed, the said third story to be without openings next to the lodge room."

The Heiser building was erected as required by the lease, as amended. The front was three stories high across its entire width; but, from a point near the second side window of the lodge building, the remaining portion of the west wall of the Heiser building was set back 12 feet from the east wall of the lodge building, thus leaving an intervening space 12 feet wide between the rear portions of the walls of the third stories of the two buildings. Upon the expiration of Heiser's lease the lodges bought his improvements, thereby becoming the joint owners of both lots and the improvements thereon.

In 1900, the lodges divided the property, the Ringgold Lodge getting the Heiser property, the DeKalb Lodge getting the original lodge building and the 47 feet of ground upon which it was situated. At the same time the lodges divided other property, the appellee pay-

ing the appellant $9,501.75 in cash, to equalize the transactions.

In the summer of 1913, the Ringgold Lodge set about extending the third story of the Heiser building westwardly across the intervening 12 foot space, by using the wall of the lodge building for the support of the entire third story in the same way it was used to support the first and second stories of the Heiser building.

Upon learning the purpose of the Ringgold Lodge, the DeKalb Lodge filed its petition against the Ringgold Lodge and its tenants, setting up the facts above stated, and praying that the Ringgold Lodge be restrained from making the proposed change in the third story of the Heiser building. A general demurrer to the petition was overruled; and upon the defendant having declined to further plead, the temporary injunction was made permanent, and the defendant appeals.

It will thus be seen that this litigation arises out of the use of the wall between the original lodge building and the Heiser building. A determination of the rights of the respective parties calls for a careful reading of the deeds and the lease above referred to.

In the lease of 1878 the lodges leased Heiser "the ground east of their new building on Second street, south side, near Market, fronting 39 1-2 feet on Second street and extending back the same width—with the right to use the eastern wall of the new Odd Fellows building, including flues built for the use of this property." The original lease further provided that Heiser should build a two story brick house "with iron front first story, the front to compare in height and general appearance complementary with the Odd Fellows building, with galvanized iron cornice and metal roof, the height not to interfere with the windows in the Odd Fellows building"; and in removing the building upon the termination of the lease, Heiser agreed "not to injure the adjoining wall of the Odd Fellows building, but leave the same in as good condition as it now is, natural wear and use of same excepted." The lease was amended, however, so as to permit Heiser to build his house three stories high, as heretofore stated.

By the deed of partition in 1909, the DeKalb Lodge acquired the original lodge building situated upon the lot fronting 47 feet, which was described generally as

"being the width of the lodge building on Second street and extending back the same width to the Schlitz lot"; while the Ringgold Lodge obtained title to "that certain lot of ground on the south side of Second street between Market and Court streets, in the city of Maysville, adjoining the above on the east, upon which stands John Heiser's or Beehive Building, said lot being the width of the said building, and extending back the same width to the Schlitz lot."

There can be no doubt from the terms of this deed that the DeKalb Lodge took the western 47 feet covered by the lodge building, while the Ringgold Lodge took the eastern lot containing 39 feet and 6 inches with the Heiser building upon it; and that the entire eastern wall of the lodge building stands wholly upon the lot of appellee. Whatever right the Ringgold Lodge may have in that wall is by way of easement only; it can be none other.

Appellant contends that it is immaterial whether the wall is the joint property of both parties, or a party wall located entirely upon the land of the DeKalb Lodge, or whether appellant's right in the wall consists merely of an easement; that it nevertheless has the right to add to or build upon, and to make any ordinary and reasonable use of the wall in the alteration or repair of, or addition to its own building, to the same extent that it would have in a wall of its own, so long as such use and changes do not injure the wall. It must be conceded, however, that the wall in question belongs to the DeKalb Lodge. It is located entirely upon the property of the DeKalb Lodge; and since the deed of partition contains no express provision covering the rights of the parties thereto, the Ringgold Lodge has no right to its use, or interest in it, except such as arises by implication from the conveyance, and the situation of the buildings as they existed at the time the conveyance was made.

It is conceded by the appellant that if its right existed by prescription only, it would be limited to the use of the wall as it had been used before the conveyance. Appellant contends, however, that its easement rests upon contract or in grant, and is not so limited. But the contract relied upon must arise by implication, since the deed conveys to the defendant no right whatever in the wall.

The question therefore is, what rights did appellant acquire under its implied contract or grant?

In Lebus v. Boston, 107 Ky., 103, we said:

"All the text writers and decisions have drawn a distinction between implied grants and implied reservations. Jones, in his work on Easements, discusses this difference in chapter 3, citing numerous decisions, and states the general rule to be that, 'where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part' (Section 129)."

It being true that by reason of the common ownership of the two lots with the houses built thereon as they were, appellant received, under an implied contract, a right to use appellee's wall as it was then used, the only question left for determination is, did its implied grant give appellant the right to use the wall, or the joists therein, in a new or different manner from the old use, or is the grant by implication to be limited to substantially the use existing at the time of the grant?

The lodges being joint owners of the two lots with houses so constructed thereon that one had a visible easement in the wall of the other, when they divided the property in 1900 without an express agreement upon the subject, it will be presumed, under the rule above announced, that the DeKalb Lodge conveyed, and the Ringgold Lodge bought the Heiser property with all the apparent or visible easements upon the lodge property which were then used by either lodge for the benefit of the Heiser property, and which were reasonably necessary for the use of the Heiser property.

The fact that the two lodges became the joint owners of both buildings upon the expiration of the Heiser lease, was not such a merger of two separately owned properties into a single ownership that put an end to the easement created under the Heiser lease. The lodges had, at all times, retained the title to both lots. When they bought the Heiser building, they held both buildings subject to the visible easement then existing between them, and when they sold the lots the easement continued. Henry v. Koch, 80 Ky., 391.

It is well settled that a wall may be a party wall as to a portion of its height, and cease to be a party wall for the rest of its height. 30 Cyc., 775; Welford v. Gerard, 108 Ky., 322.

Appellant contends, however, that where one has, by grant, the right to use a wall, he may reconstruct, alter or enlarge his building thereon, so long as he does not impair or injure the wall for the other party's use; and in support of this proposition, it relies upon Bright v. Bacon, 131 Ky., 848. This idea makes the right of ownership of a wall and the right to an easement therein, identical. In Bright v. Bacon, the wall was a party wall situated upon the division line, and was jointly owned by both parties, thus giving to each adjoining owner precisely the same rights in the wall. In the case at bar, however, appellant owns no part of the wall; it merely has a right of easement to use the wall in the way it had been used up to the time of the conveyance in 1900. We do not mean to say that the exact condition must continue, or that there might not be some unsubstantial change made in the building which would fall within the implied grant; but to materially change the construction of the Heiser building as contemplated by appellant, by extending its third story entirely across the intervening 12 feet to the lodge building, would be extending appellant's implied grant far beyond what was ever intended by the parties.

After all, our purpose must be to arrive at the intention of the parties to the contract, whether their rights be fixed by express covenant or by implication. We have been unable to avoid the conclusion that the proposed new use of the wall by which an additional easement would be placed upon it, was not within the contemplation of the parties, and that appellant's right to so use it cannot arise by implication.

Judgment affirmed.