## McElroy v. Wolf et al.

(Decided April 26, 1929.)

BARBOUR & BASSMAN for appellant.

OMER C. STUBBS for appellees.

Opinion of the Court by Drury, Commissioner—Reversing.

The matter in controversy here is a strip of ground 100 feet long, 27¼ inches wide at the north end and 3¾ inches wide at the south end. By the judgment complained of, Raymond B. Wolf and Clara E. Wolf were adjudged to be the owners of this strip of ground, and of that judgment the appellant, Nettie McElroy, is complaining. Lot 66 in Sehon's addition to the city of Covington adjoins lot 275 of Rogers' addition to that city. Both of these lots abut on the north side of Thirty-Second Street. Both of them formerly belonged to John M. Griffin, and about 30 years ago John M. Griffin built a fence along what he supposed was the division line between these two properties. He failed to get the fence on the line, and this litigation has grown out of that error. After the death of Griffin, his heirs sold to certain parties this lot 275 of Rogers' subdivision. By mesne conveyances that lot came into the ownership of W. H. Johnson and others; and in June, 1922, Johnson and others sold to Mrs. McElroy a strip of ground 30 feet in width on the west side of lot 275 and adjoining lot 66 of the Sehon subdivision. In the meantime, the heirs of John M. Griffin on April 19, 1920, sold lot 66 of the Sehon subdivision, and by mesne conveyances that lot 66 has been acquired by the appellees, Raymond B. Wolf and Clara E. Wolf. Although the heirs of Griffin had in 1906 parted with their title to lot 275, yet it is claimed by the Wolfs that the Griffins remained in possession of this strip of ground on the west side of lot 275 up to this fence. Mrs. McElroy having begun to tear down this fence, and a dispute having arisen about the location of the line between these two properties, the Wolfs began this action seeking to enjoin her from tearing down the fence and to quiet their title to this strip of ground west of the fence. The Wolfs were successful and were adjudged to be the owners of the strip by adverse possession; hence this appeal.

We shall first illustrate our position in this matter and shall then apply our illustration to the facts. If A should convey to B by accurate description a certain property known as Whiteacre, containing 30 acres, and B should thereafter inclose not only Whiteacre, but also 60 acres of the adjoining property of Blackacre, and should

thereafter occupy, tend, cultivate, and exercise ownership over the whole 90 acres, and should maintain this occupation adversely to the world and exclusive of all others for the requisite length of time, he would then become the owner of the whole 90 acres. His title to 30 acres would be supported by the grant made him, and his title to the other 60 acres would be supported by his adverse possession of it for the requisite length of time; but after he had perfected his title to the whole 90 acres, if he should then by a subsequent conveyance convey to C the 30 acres he originally got from A, using the same description that was contained in his grant, that would give to C title to the 30 acres, but it would pass to C no part of the title to the 60 acres adjoining. That is exactly what happened here. It is not necessary for us to determine whether or not the heirs of Griffin after the conveyance of lot 275 held possession of this strip of land a sufficient length of time to give them title to it. That does not better the situation of the Wolfs, because in 1920, when the heirs of Griffin made the grant under which the Wolfs are now claiming, they did not undertake to describe all the property on the north side of Thirty-Second street up to this fence line. On the contrary, they merely conveyed lot 66 of Sehon's subdivision, and, that conveyance having been made about four years before this controversy arose, necessarily the rights of the Wolfs are limited by the terms of that conveyance. They acquired title to nothing but lot 66 in Sehon's subdivision. They began this suit, and if their recovery can be sustained it must be sustained solely because they are the owners of this strip. The only way in which they could have become the owners of this strip is by this grant made in 1920, and the grant of 1920 only conveyed them lot 66 of the Sehon subdivision. It is admitted that this strip of ground is not a part of lot 66, but, on the contrary, is a part of lot 275 of the Rogers subdivision; hence the Wolfs had no title to it, and their petition should have been dismissed.

The judgment is therefore reversed, with directions to set it aside and to dismiss the petition filed by the Wolfs.