## Carter's Administrator v. Quillen et al.

(Decided June 12, 1931.)

D. I. DAY and W. S. COX for appellant.

HAWK & LEWIS and HAGAN BOND for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

R. J. Carter instituted this action to recover the sum of $2,500 alleged to be due for a breach of warranty in the sale of certain timber. Carter died during the pendency of the action and it was revived in the name of his administrator.

By deed dated March 7, 1927, E. G. Quillen and Dr. E. M. Corns and their wives conveyed to Carter, with covenants of general warranty:

> "All the merchantable timber standing or being on all those certain seven (7) adjacent parcels or tracts of land, situate, lying and being in Letcher County, State of Kentucky, on the waters of Big Cowan Creek and Little Cowan Creek, tributaries of the North Fork of the Kentucky River, and being the same tracts of land which were conveyed to the said parties of the first part by Altemus Consolidated Coal Company by deed dated March 12, 1924, of

record in the Office of the Clerk of Letcher County Court, Kentucky, in Deed Book No. 49, page 104, to which reference is hereby made for a more definite and particular description of the said lands and timber.''

A reference to the deed from the Altemus Consolidated Coal Company to Quillen and Corns discloses that the seven tracts of land contain 214.77 acres and that the mineral and timber rights in two tracts containing 33.56 acres had been conveyed to H. M. Collier and D. I. Day and in one tract containing 28.24 acres to the Whitco Coal Land Cmpany; the reservations in the deed from the Altemus Consolidated Coal Company to Quillen and Corns being as follows:

1. ''Excepting and reserving, nevertheless, all of the coal, oil and other minerals and all of the timber and all mineral, mining and timber rights in, on, under and over the said two tracts of land hereinabove described conveyed by the said party of the first part to H. M. Collier and D. I. Day, of Whitesburg, Kentucky, by deed dated November 26, 1920, recorded in the office of the Clerk of the County Court of Letcher County, Kentucky, in Deed Book 60, at page 30, to which reference is here made for a full and complete description of the exceptions and reservations here referred to.''

2. ''Excepting and reserving, nevertheless, from the last or Sixth above described tract of land all the coal and other minerals, timber, mining and timber rights therein, thereon, thereunder, and thereover which were conveyed by the party of the first part to the Whitco Coal Land Company by deed dated August 24th, 1921, of record in the office of the Clerk of the County Court of Letcher County, Kentucky, in Deed Book 61, at page 261, to which, so of record, reference is here made for a full and complete description of the exceptions and reservations here referred to.''

In the deed from the Altemus Consolidated Coal Company to Collier and Day all standing timber on 33.56 acres measuring under 14 inches in diameter, measured 3 feet above the ground, was conveyed, and in the deed to Whitco Coal Land Company the standing timber on

the tract containing 28.24 acres, measuring 15 inches in diameter and down was conveyed.

It is appellant's contention that the deed from appellees to R. J. Carter conveyed all the timber on the seven tracts of land, while the appelleees contend that the exceptions and reservations contained in the deed from the Altemus Consolidated Coal Company, to Quillen and Corns were incorporated in the deed from appellees to Carter, and that consequently there has been no breach of warranty.

The seven tracts of land are not described by metes and bounds, but in the deed from appellees to Carter they are described as being located on certain creeks. Not even the acreage is given. To ascertain the boundaries of the land on which the timber conveyed is located the prior deed must be examined. The language of the deed here in question indicates that it was intended that reference to the prior deed should be had, not only for a particular description of the land on which the timber is located, but of the timber itself. The words of reference are as follows:

"And being the same tracts of land which were conveyed to the said parties of the first part by Altemus Consolidated Coal Company by deed dated March 12, 1924, and of record in Deed Book No. 49, page 104, of the Letcher County Clerk's office, to which reference is hereby made for a more definite and particular description of said lands and timber."

As said in Perry v. Buswell, 113 Me. 399, 94 A. 483, 484:

"References to prior conveyances are made for varying purposes. They are made sometimes for the purpose of showing the source of title; sometimes to show the identity of the land conveyed; sometimes, and generally by way of caution, to afford a more definite description. It is probably true that in the larger number of cases the reference is made to show the source of title."

As a general rule a general description in a deed will yield to a definite and particular description, and where the property conveyed is described in general terms and a reference is then made to another deed for

a more particular description of the property, the description in the deed referred to becomes a part of the description, and the purchaser must look to the reference deed to determine the extent of his acquisition. Tennent v. Caffery, 170 La. 680, 129 So. 128; Thomas v. Young, 93 W. Va. 555, 117 S. E. 909, 911; Wilson v. Underhill, 108 Mass. 360; Getchell v. Whittemore, 72 Me. 393; Byrd v. Phillips, 120 Tenn. 14, 111 S. W. 1109; Flagg v. Bean, 25 N. H. 49; Thompson on Real Property, Vol. 4, sec. 3082. In Thomas v. Young, supra, where the facts were very similar to those of the instant case, the court said:

"We do not agree that defendant, in examining the prior deed for the description of his property, which by law, in so far as description is concerned, is a part of his own conveyance, was bound only to look to the particular clauses which named the creeks near which his land lay and defined the courses of its horizontal boundaries. We think, with the plaintiff, that in looking to that deed he was bound to notice all of the language which served to mark and distinguish the 'lot said to contain 34¾ acres' which he purchased. Defendant's grantor warranted generally the title to the property conveyed. Could we say, if the question were presented, that this warranty covered the coal and iron rights, as well as the surface? We think the express exception of those minerals in the Jenkins deed would be considered as incorporated in defendant's conveyance, and would refute the suggestion that the warranty covered those interests."

In the deed from appellees to Carter the description of the property conveyed was general, and for a definite description recourse must be had to the deed referred to. The wording of the reference clause clearly indicates that it was intended to show more than merely the source of title. It was notice to the purchaser that he must resort to the reference deed for a definite and particular description of the timber conveyed. A reference to the prior deed would have disclosed that the timber, which is the subject of this controversy, had been conveyed to other parties. Consequently there was no breach of warranty by appellees.

The judgment of the lower court being in accordance with the views herein expressed, it is affirmed.