# Farmers Nat. Bank of Danville v. Moore.

April 16, 1940.

K. S. Alcorn, Judge.

Nelson D. Rodes for appellant.

Henry Jackson and Joe G. Davis for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Appellee owns a lot and a 3-story brick building at the northwest corner of the intersection of Main and Third streets in Danville, Kentucky. Appellant owns a lot and building immediately to the west of and adjoining appellee's property. The interior of these buildings is separated by a 13-inch brick wall, that is, a wall made up of 3 widths of brick with intervening mortar. This litigation involves the right, title and interest of the

owners of the respective lots to this brick wall beginning at Main street and running back parallel or practically so with Third street, a distance of about 71 feet. Appellee asserts ownership to the entire wall. By answer appellant denied the claim of appellee and alleged that it was the owner of the wall, but conceded that appellee does have some legal right in and to the wall in the nature of an easement.

On final hearing it was adjudged that this was a joint or party wall in which each of the parties owned an undivided one-half interest in fee simple with right of joint use thereof for the benefit and support of their respective buildings; that neither party had the right to interfere with the proper use and maintenance thereof for the support of or in connection with their respective buildings, nor the right to deface the main structure or front of the wall or to interfere with, deface or destroy the strength or structure thereof so as to interfere with or prevent the other party having continued use and benefit of the wall as a joint or party wall maintained and to be maintained as a support, protection and adjunct in connection with their respective buildings.

On and prior to April 22, 1882, A. G. Whitley was the owner of 3 contiguous brick buildings fronting on Main street in Danville. On that date he conveyed the eastmost of those buildings, now owned by appellee, to H. C. Farris; the description of the property in that conveyance in so far as pertinent reads:

> "The house and lot situated on the southwest corner of Main and Third streets of said town. Beginning at the northeast corner of said house and running thence west with Main street twenty-five feet, then a straight line with the line of the other property of said Whitley seventy-one feet to a brick wall, * * * ,"

On November 21, 1887, H. C. Farris conveyed this lot and building to M. J. Farris, the description of the property in the deed being in all material respects the same as in the deed from Whitley to the grantor. In 1919, M. J. Farris sold the house and lot together with some additional property fronting and adjoining it on Third street to appellee. In this conveyance the house and lot formerly owned by A. G. Whitley and which he conveyed to H. C. Farris was described as having a

frontage on Main street of 25 feet more or less. In 1887, A. G. Whitley conveyed the westmost of his three buildings to appellant and later by mesne conveyance it also became the owner of the middle building. In conveying the middle building A. G. Whitley described it as bound on the east by the property of M. J. Farris (formerly H. C. Farris) the property later conveyed by M. J. Farris to appellee.

It is contended in brief for appellant as it was in its pleading that appellee does not own the wall in controversy nor any portion thereof in fee simple because it is not included within the 25-foot line called to run west with Main street. On the other hand, it is the contention of appellee that A. G. Whitley conveyed to H. C. Farris the entire building, including the wall in controversy, and that this contention is borne out by the description in the deed which at the beginning reads "The house and lot."

Counsel for appellant cites and relies on the cases of McElroy v. Wolf, 229 Ky. 134, 16 S. W. (2d) 776, and Ringgold v. DeKalb, 157 Ky. 203, 162 S. W. 1111. In the former this court held that in the circumstances the grantee's rights were limited by the terms of the conveyance specifically describing the property conveyed to him; but in that instance there was no uncertainty or ambiguity with respect to the boundary or the property intended to be conveyed. The grantee was making claim by adverse possession to additional property and no question of joint or party walls was involved. In the latter case there was a controversy over such a wall, but as will be seen from a reading of that opinion, the circumstances and conditions were so dissimilar from the facts and circumstances in the present case as to make it easily distinguishable.

The evidence shows that the building on the lot adjoining that of appellee when owned by Whitley was only 2 stories high. The building on the lot of appellee in the front was 3 stories high, and, as we understand, the cornice on appellee's building extended several inches over the line of the cornice of the other building. Two iron columns or pilasters of different architectural structure stood side by side at the corners of these respective buildings. The western side or edge of the iron column in front of appellee's building was flush with

the eastern side of the wall in controversy and there is evidence that the 25 feet running with Main street and referred to in the deed from Whitley to Farris reached exactly to the western edge of this column and did not extend into the partition wall. There were chimneys or flues in the wall used by the owners on the respective sides thereof. There is some evidence concerning the exercise of acts of ownership in the wall by appellee such as extending it higher, etc., and there is also evidence that at one time he and the adjoining owner had some agreement concerning the use of the wall, but this evidence is not material except in so far as it might tend to show the construction that the abutting owners themselves placed upon the deeds. While the evidence establishes beyond doubt that the 25-foot line running with Main street as referred to in the deed from Whitley to Farris did not include the partition wall between the buildings, it will be noted that the deed conveyed the house and lot at the southwest corner of Main and Third streets, thus leaving the description of the property thereby conveyed in doubt and uncertainty.

Where the language of a deed clearly manifests the intention of the parties it will be construed without regard to any technical rules of construction. Spicer v. Spicer, 177 Ky. 400, 197 S. W. 959; Massingale v. Parker, 193 Ky. 523, 236 S. W. 959. It is only where there is doubt and ambiguity that courts should resort to technical rules of construction, and in such cases, the court should visualize or place itself in the position of the parties and ascertain if possible their intention and meaning from the language employed in the instrument, viewed in the light of the attending circumstances and conditions and the relation of the parties. Cox v. Colossal Cavern Co., 210 Ky. 612, 276 S. W. 540; McSurley v. Venters, 104 S. W. 365, 31 Ky. Law Rep. 963.

It is a general rule that in conveyance of property a particular description will prevail over a general one, however, in McKinney v. Raydure, 181 Ky. 163, 203 S. W. 1084, 1087, the court, after adverting to that general principle, said:

"But a rule of construction applicable to descriptions of land contained in judgments as well as private contracts, of more potency and even controlling the one for which counsel for appellant insist, is

that the intention of the parties as gathered from the language of the entire instrument to be construed, in the light of the facts and circumstances surrounding the parties at the time, must prevail. [Citing authorities.]"

In the case of Hendrick v. Haly, 4 Ky. Law Rep. 356, it is said:

"Where a wall supports a building which is conveyed, it must be presumed that the wall was intended to be conveyed as a part of the building, although it may not be included by the calls of the deed, and the wall being a party wall, a continuance of it must also be held to be a party wall, although there be no building on the side conveyed, but the grantee cannot so use the wall as to affect injuriously the building of the grantor."

Since only an abstract opinion was rendered in Hendricks v. Haly, just quoted from, we have examined the record and find that in fact, as well as in principle, it bears closer analogy to the present case than any other to which we have been cited or have found. In the examination of the record we note with interest the opinion where the chancellor, apparently putting himself in the position of the parties, said:

"It is one of the first laws of human nature to protect ourselves when we can and it would require a considerable amount of proof to convince the court that defendants would sell and convey the wall of their house."

Here, we are confronted not only with that problem as respects the grantor, but also with a grantee who was not buying merely a vacant lot but a lot and building, and it is just as difficult to conceive that he would buy a building without a wall on one side without any conditions or restrictions, except such as might be implied concerning the right to the use of the wall that would or did enclose the building.

It is a further established rule that ambiguous deeds must be construed most strongly against the grantor and most favorably to the grantee. Franklin Fluorspar Co. v. Hosick, 239 Ky. 454, 39 S. W. (2d) 665; Sargent v. Trustees of Christian Church, 252 Ky. 57, 66 S.

W. (2d) 5; Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. (2d) 107.

> "The deed is that of the grantor; he may choose his own words. Therefore, it is just and right that the language of the deed should be construed against him." Board of Councilmen v. Capital Hotel Co., 188 Ky. 754, 224 S. W. 197, 200.

In the light of the authorities cited and the rules therein enunciated, we are, in view of the uncertainty and ambiguity in the description of the property conveyed, constrained to hold that appellee was entitled to everything given him in the judgment. Whether he was entitled to more, we need not determine, since he has prosecuted no cross-appeal.

Judgment affirmed.