# Bland v. Kentucky Coal Corporation et al.

November 18, 1947.

M. L. Blackwell, Judge.

**2**

[redacted]

Harris & Drury for appellant.

Gordon & Gordon & Moore for appellees Kentucky Coal Corporation and David K. Wilson, Ann Potter Wilson, Mrs. A. E. Potter and E. E. Wilson.

Fowler & Holbrook for appellee Sylvester Yunker.

Harry L. Arnold and King & Flournoy for appellee Carter Oil Co.

J. D. Ruark for appellees W. R. Walter, Vivian Blalack and Ira Hodges.

Faust Y. Simpson warning order attorney for appellee William P. Ford.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On July 30, 1918, Kentucky Distilleries and Warehouse Company conveyed to W. T. Fenwick three tracts of land, one of which contained fifteen and one-half acres, and is the subject of this action. On August 6, 1918, Fenwick conveyed to appellant, W. C. Bland, an undivided one-half interest in the tract. In the year 1926, W. T. Fenwick and appellant, W. C. Bland, conveyed to the Kentucky Coal Corporation, Inc., according to appellees' contention, the mineral rights under the entire boundary purchased from the Distilleries Company, but which, according to appellant's contention, did not contain the fifteen and one-half acre tract. Subsequently the Kentucky Coal Corporation, Inc., conveyed all mineral rights under the entire boundary to appellees, David K. Wilson, Ann Potter Wilson, Mrs. A. E. Potter, E. E. Wilson, and Sylvester Yunker, who in turn leased the oil and gas rights in and under the boundary to appellees, Carter Oil Company, W. R. Walter, Vivian Blalack, and Ira Hodges, who have produced oil under the lease. On the seventeenth day of April, 1945, appellant instituted this action against appellees, alleging that he is the owner of the fee simple title to all minerals except coal underlying the entire boundary, and to all the minerals underlying the fifteen

and one-half acre tract. He asked that his title be quieted and that appellees be enjoined permanently from claiming any right or title to the minerals, and from interfering with his right to explore for and develop the minerals. The various deeds of the above-mentioned conveyances were filed with the petition, which was thrice amended, and to which, as amended, a demurrer was sustained; thereupon appellant refused to plead further and his petition was dismissed. The deed from Bland and Fenwick to the Kentucky Coal Corporation, Inc., conveyed:

"All their right, title and interest in and to the coal, mineral, and mining rights in and under a tract of land in Union County, Ky.; on the Ohio River below Uniontown and adjoining the lands of Burney Simpson, Jess Higginson, Alfred Wilson and others and being all the land conveyed to first parties by the Distillery Co. in 1918 containing 110 acres more or less as shown by deed from said Distillery Co. recorded in Deed Book 77 pages 74, 75 & 76 to which reference is made for more particular description.

"To have and to hold the above described coal, mineral and mining rights unto second party, its successors and assigns forever."

It is conceded that the deed for the one hundred ten acre tract, which is recorded in Deed Book 77, at pages 74, 75, and 76, contains a full and complete description of the three tracts of land, including the fifteen and one-half acres in controversy in this action. But appellant contends (1) that the reference to the recorded deed is a "general" description, whereas, "on the Ohio River below Uniontown and adjoining the lands of Burney Simpson, Jess Higginson, Alfred Wilson and others," is a "particular" description of the property, and the former must give way to the latter, as a consequence of which he should be declared to be the owner of all the minerals underlying the fifteen and one-half acre tract; and (2) that coal was the only mineral which passed under the conveyance to the Kentucky Coal Corporation, and that he is entitled to be declared the owner of the other minerals in and under the remainder of the boundary.

The law is well settled that a particular description

of property in a deed will prevail over a general description. Carter's Adm'r v. Quillen et al., 239 Ky. 583, 39 S. W. 2d 1012; Combs v. Jones, 244 Ky. 512, 51 S. W. 2d 672; Farmers Nat. Bank of Danville v. Moore, 282 Ky. 502, 139 S. W. 2d 420. It is likewise well settled that, where a deed refers to an antecedent, recorded deed for a particular description of the property, the description contained in the recorded deed must be read into the description contained in the deed under examination to identify the property conveyed. Taylor & Crate v. Asher, 223 Ky. 574, 4 S. W. 2d 385; and Carter's Adm'r v. Quillen, supra. Appellant's argument in respect to the application of the rule that a general description must bow to a particular description is allusory. That which he denominates the general description actually is the particular description, and that which he calls the particular description actually is the general description. In Carter's Adm'r v. Quillen, supra, the two rules are stated and reconciled and a decision rendered rejecting the contention herein made. The deed under question in the Carter case conveyed (239 Ky. 583, 39 S. W. 2d 1012):

"All the merchantable timber standing or being on all those certain seven (7) adjacent parcels or tracts of land, situate, lying and being in Letcher County, State of Kentucky, on the waters of Big Cowan and Little Cowan Creek, tributaries of the North Fork of the Kentucky River, and being the same tracts of land which were conveyed to the said parties of the first part by Altemus Consolidated Coal Company by deed dated March 12, 1924, of record in the Office of the Clerk of Letcher County Court, Kentucky, in Deed Book No. 49, page 104, to which reference is hereby made for a more definite and particular description of the said lands and timber."

The Court said:

"As a general rule a general description in a deed will yield to a definite and particular description, and where the property conveyed is described in general terms and a reference is then made to another deed for a more particular description of the property, the description in the deed referred to becomes a part of the description, and the purchaser must look to the refer-

ence deed to determine the extent of his acquisition. (Citations follow) * * *.

"In the deed from appellees to Carter the description of the property conveyed was *general,* and for a definite description recourse must be had to the deed referred to. The wording of the reference clause clearly indicates that it was intended to show more than merely the source of title. It was notice to the purchaser that he must resort to the reference deed for a definite and *particular* description of the timber conveyed." (The emphases are ours)

The Carter case can not be distinguished from this.

Appellant's contention that coal is the only mineral conveyed in his and Fenwick's deed to the Kentucky Coal Corporation is without merit. The words "coal" and "mineral" are separated by a comma, clearly showing that it was the intention of the parties that all minerals, including coal, should pass by the conveyance. We never have held that coal exclusively was conveyed or reserved where the words "coal" and "mineral" are separated by a comma; but ofttimes we have held, where they were not separated in that manner, that it was the intention of the parties that the title to all the minerals should pass or be reserved. See Berry et al. v. Hiawatha Oil & Gas Co. et al., 303 Ky. 629, 198 S. W. 2d 497, and cases therein cited. But appellant contends that the demurrer should not have been sustained, because he was in position to show by oral testimony that it was the intention of the parties that coal was the only mineral to be conveyed. The intention of the parties must be gathered from the instrument itself, unless the provision to be construed is ambiguous, in which event only, extrinsic evidence may be admitted to prove the intention of the parties. Federal Gas, Oil & Coal Co. v. Moore, 290 Ky. 284, 161 S. W. 2d 46.

Appellant finally argues that, if the demurrer to the petition had been overruled, he could have shown that the Kentucky Coal Corporation, at the time of the conveyance to it, was limited by its charter to the mining of coal to the exclusion of other minerals, and that this fact would show conclusively that it was the intention of the parties that nothing but coal and the right to mine it should pass by the conveyance. We do not

see that this fact, of itself, would throw any light on the subject; and, as we have said, such evidence is not admissible where the language of the deed is clear and unambiguous.

The judgment is affirmed.