Roy E. LAMBERT, et al., Appellants,

v.

Minnie A. PRITCHETT, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1955.

Dorsey & Dorsey, Henderson, for appellants.

John S. Palmore, Jr., Henderson, for appellees.

CULLEN, Commissioner.

The action is for a declaration of rights as to the ownership of the oil and gas under a tract of land in Henderson County, containing approximately 52.47 acres. The lower court held that an exception or reservation in a certain deed, that "no coal or mining rights are hereby conveyed," did not reserve to the grantor the oil and gas. The appeal questions that ruling.

The reservation was contained in a deed executed in 1914. The existing controversy is between the heirs of the grantor in that deed, and subsequent purchasers from the grantee.

■ The law in this state is well settled that the intention of the parties to a deed must be gathered from the instrument itself, unless the provision to be construed is ambiguous, in which event extrinsic evidence may be admitted to prove the intention. Gibson v. Sellars, Ky., 252 S.W.2d 911, 37 A.L.R.2d 1435; Bland v. Kentucky Coal Corp., 306 Ky. 1, 206 S.W.2d 62; Federal Gas, Oil & Coal Co. v. Moore, 290 Ky. 284, 161 S.W.2d 46; Hudson & Collins v. McGuire, 188 Ky. 712, 223 S.W. 1101, 17 A.L.R. 148. Therefore, there is no basis here for a consideration of extrinsic evidence as to what the parties intended by the phrase, "no coal or mining rights are hereby conveyed," if the phrase has an established meaning so as not to fall into the category of an ambiguity.

The appellants contend that "mining rights" means the right to extract or recover minerals, and "minerals" includes oil and gas, therefore the reservation excluded the grant of any minerals. This contention necessarily rests upon the assumption that because a thing is a mineral, it follows that the producing of it constitutes mining. With this we do not agree.

■ Terms are to be construed and understood according to their plain, ordinary, and popular sense, unless they have acquired a particular technical sense by the common usage of the trade. They are to be construed with reference to their com-

mercial and their scientific import. Kentucky Diamond Mining & Developing Co. v. Kentucky Transvaal Diamond Co., 141 Ky. 97, 132 S.W. 397.

The word "mine" originally was employed to designate an underground working for the excavation of minerals, consisting of pits, shafts, levels, tunnels, etc., but latterly it has received an enlarged meaning and is now commonly regarded as including open cuts, quarries, etc., by which such substances as beds of clay, ironstone, and limestone are extracted. But the word does not comprehend every possible excavation by which mineral matters are brought to the surface. It appears to be definitely settled in most jurisdictions that a gas well or an oil well cannot be regarded as a mine. The word "mine" must naturally depend for its meaning on the construction given it in a particular jurisdiction. 26 Am.Jur., Mines and Minerals, sec. 2, p. 281.

In Hudson & Collins v. McGuire, 188 Ky. 712, 223 S.W. 1101, 1103, 17 A.L.R. 148, decided in 1920, this Court said that "mining methods are not employed, at least in this state, in the production or manufacture of oil or gas." The Court further said:

"The words 'mining and smelting' are appropriate in connection with the production of many minerals other than oil and gas, but they have no place in a grant of oil or gas rights or privileges, and the use of these words, as well as the absence of suitable words to show that oil or gas was intended to be conveyed, was sufficient to put a purchaser under the deed on notice that the grant did not include oil or gas."

In Clements v. Morgan, 307 Ky. 496, 211 S.W.2d 164, 166, the particular deed under consideration used the term, " 'coal and mineral privilege' ". However, an earlier deed had employed the language, " 'coal and mining rights and privileges' ", and the Court stated that all parties conceded that this language conveyed only the coal and the usual mining rights and privileges incident to coal. This concession supports the view that "mining rights," at least when following a reference to a specific hard mineral, is not generally understood in this state as including oil and gas.

In Easley v. Melton, Ky., 262 S.W.2d 686, we found it unnecessary to determine whether " 'coal and mining rights' " included oil and gas, because the habendum clause of the deed, referring only to "coal rights," made it clear that only the right to mine coal was being conveyed.

The appellant relies heavily upon Arnett v. Sinclair Prairie Oil Co., D.C., 88 F.Supp. 343, 349, affirmed in Delta Drilling Co. v. Arnett, 6 Cir., 186 F.2d 481, to support his argument that all minerals are mined. In deciding the Arnett case in the District Court, Judge Swinford stressed the use of the word "other" in the phrase " 'coal and other mining rights' " and it appears that this was the basis of his decision. It is true that he stated in the course of his opinion that "mining rights means what it says and that is the right to mine minerals and minerals means oil and gas." However, Judge Swinford, in the later case of Long v. Madison Coal Corp., D.C., 125 F. Supp. 937, 938, acknowledged that the Arnett case could not be accepted as a final determination of the construction of all written instruments using the term " 'coal and mining rights' ", and in the Long case the actual holding was that oil and gas were not reserved under a reservation of " 'coal and mining rights' ".

In the Delta case, 186 F.2d 481, the United States Court of Appeals stated that it is clearly settled in Kentucky that "mining rights" means minerals, and includes oil and gas. However, the Kentucky cases cited in support of that statement do not so hold. In each of the cases cited the word "minerals" appeared in the deed.

■ It is our conclusion that in the deed here in question the words "mining rights," following a reference to coal, must be considered as having been used in their usual and ordinary sense, and that they were intended to cover only mining rights relating to the specific mineral mentioned, namely, coal.

The judgment is affirmed.