**CORBIN DEPOSIT BANK & TRUST COMPANY, Corbin, Whitley County, Kentucky, A Corporation, Appellant,**

v.

**MULLINS ENTERPRISES, INC., Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1982.

Discretionary Review Denied Dec. 7, 1982.

Allen C. Trimble, Forcht & Trimble, P.S.C., Corbin, for appellant.

Joe T. Roberts, London, for appellee.

Before HAYES, C.J., and GANT and HOWARD, JJ.

HOWARD, Judge.

Appellant appeals from a judgment of the Whitley Circuit Court sustaining appellee's motion for summary judgment and ordering the appellant to not increase the interest rate on any note executed by the parties, with the exception of one note dated May 8, 1971, for the principal sum of $60,000.00.

Beginning in 1971, and continuing through 1975, the appellant made eight (8) loans to the appellee, evidenced by notes executed and delivered to the appellant by the appellee and secured by real estate mortgages on property owned by the appellee. A dispute arose between the parties as to the proper construction of the language contained in the notes and mortgages. The appellant (hereinafter "Bank") contended that the notes were demand notes, entitling the Bank to call the notes at any time and accept payment of the balance due in the form of a new note at a higher rate of interest, thereby adjusting the interest rates periodically. The appellee (hereinafter "Mullins") contended that the notes were time notes and therefore could not be called in advance of the time specified for payment.

On April 11, 1980, Mullins filed suit in Whitley Circuit Court seeking a declaration of rights pursuant to Civil Rule 57. Mullins sought a ruling that the interest rates on the various notes could not be increased. The case was submitted to the Court on opposing motions for summary judgment. On January 19, 1982, the trial court entered the judgment holding that, except for the first note and mortgage of May 8, 1971, which contained an express provision permitting the Bank to raise the rate of interest on the loan, the Bank could not raise the interest rate on the notes between the parties. We affirm.

The main thrust of the Bank's argument on appeal is that the trial court erred in finding that the notes in question were not demand notes. The Bank contends that the following ruling by the trial court is erroneous as a matter of law:

If the notes were pure and simply demand notes as contended by the defendant, then there would have been no point in providing for monthly payments and certainly no reason for inserting an acceleration clause and the notes and mortgages in question are ambiguous when the words "on demand" are followed by clauses providing for monthly installments as well as acceleration upon default . . . .

In determining whether an instrument is payable on demand, the first place to look is the statute. "Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." K.R.S. 355.3–108. Generally, an instrument fits within or without the terms of the above statute, but some cases, such as this one, involve the matter of construction to establish whether or not the instrument is payable on demand. Instruments stated to be payable on demand have been held to be so payable even though they contained provisions for payment of interest periodically or for payment in stated or indefinite installments and even though they also contained acceleration clauses operative upon failure to make the prescribed payments. However, a note payable "on demand" that also provided for the payment of interest and stated monthly payments has been held to be payable in installments and not on demand. 11 Am. Jur.2d *Bills and Notes* § 168.

The notes here, if held to be demand notes, could be recalled by the Bank at any time, allowing them the option of accepting payment due at a higher rate of interest

than specified in the original notes. A negotiable instrument, such as these notes, must be either payable on demand or at a definite time. K.R.S. 355.3–104(1)(c). The controlling question then is under which category the notes from Mullins to the Bank fit. The trial court, in its findings of fact, examined the language of each of the eight (8) notes and determined that they were not demand notes. We agree.

The notes very specifically set out the amount of the debt, interest payments, dates and time of installment payments and final payment date. These notes, therefore, fulfill the requirements of K.R.S. 355.3–109 which sets out what must be in a note in order for it to be classified as "payable at a definite time:"

(1) An instrument is payable at a definite time if by its terms it is payable

(a) On or before a stated date or at a fixed period after a stated date; or

(b) At a fixed period after sight; or

(c) At a definite time subject to any acceleration; or

(d) At a definite time subject to extension at the option of the holder, or to extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.

█ The only exception in this group of notes is the first one, dated May 8, 1971, which contained the following provision:

It is expressly agreed by the parties hereto that notwithstanding any of the provisions contained in the note referred to above and of any provisions contained in this mortgage to the contrary, the second party shall have the privilege and option at any time during the term of this mortgage or any renewal thereof, without notice to the parties of the second part, to increase the rate of interest on the unpaid balance due thereunder to a rate not exceeding the maximum rate of interest allowed under the provisions of KRS 360.-010.

The trial court correctly held that by its language, this note and mortgage provided for an increase in the interest rate; therefore, the Bank can increase the interest at its discretion.

█ The Bank contends that the trial court improperly applied the rule of construction requiring the note to be construed against the maker or secured party. However, this argument is based on the Bank's contention that the notes in question are in no way ambiguous. It is clear that in case of ambiguity, this rule of construction must apply. If the language of the notes had clearly manifested the intention of the parties, they could have been construed without resorting to any technical rules of construction. However, the fact that the notes were sufficiently ambiguous to cause this controversy is proof that the parties' intentions were not clearly manifested. Therefore, the trial court did not err in applying the rules of construction as set out in *Farmers National Bank of Danville v. Moore*, 282 Ky. 502, 139 S.W.2d 420 (1940), which require ambiguous terms to be construed most strongly against the maker or secured party.

For the reasons set forth herein, we affirm the judgment of the trial court.

All concur.